| |
|---|
| **Robles v Kortoci** |
| 2024 NY Slip Op 32437(U) |
| July 15, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 525476/2020 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 83, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 15th day of ___July___, 2024.

P R E S E N T:

HON. INGRID JOSEPH,
                                        Justice.

-----------------------------------------------------------------X

MARIA ROBLES,

                                        Plaintiff,                    Index No.: 525476/2020

                  -against-

MUSA KORTOCI, PIERRE ZAZOUR, SOLSTICE          **DECISION & ORDER**
RESIDENTIAL GROUP, LLC and BOARD OF
MANAGERS OF J CONDOMINIUM,

                                        Defendants.

-----------------------------------------------------------------X

The following e-filed papers read herein:                    NYSCEF Doc Nos.

Order to Show Cause/Affirmation/Memorandum of Law/Exhibits....    74, 77 – 90
Affirmation in Opposition/Memorandum of Law/Exhibits.............    91 – 99

Defendants Pierre Zazour, Solstice Residential Group, LLC and Board of Managers of J Condominium (the "Condo Defendants") move by order to show cause for an order (a) pursuant to CPLR 2201, restoring a stay of litigation; (b) pursuant to CPLR 2221, granting leave to reargue the order dated January 31, 2024 (the "Order"); and (c) upon reargument, vacating the Order and denying Plaintiff Maria Robles' ("Plaintiff") motion (Motion Seq. No. 3) in its entirety (Mot. Seq. No. 4). Plaintiff opposes the motion.

This matter concerns Plaintiff's claims of discrimination, harassment, hostile work environment, and retaliation during her employment. Plaintiff was a member of SEIU Local 32BJ and was subject to a collective bargaining agreement (the "CBA") which contained a provision mandating arbitration. The Condo Defendants moved to compel arbitration pursuant to CPLR 7503 (a) and the Federal Arbitration Act (Mot. Seq. No. 2). By order dated October 29, 2021, this Court directed Plaintiff to arbitrate her claims and stayed the matter until further order (NYSCEF Doc

1

[* 1]

No. 27). Thereafter, Plaintiff moved to vacate the stay and restore the case to the trial calendar (Mot. Seq. No. 3). In her motion, Plaintiff alleged that her counsel made several attempts to commence arbitration. Plaintiff further alleged that there was a defect in the arbitration process since non-party Realty Advisory Board on Labor Relations Incorporated (the "RAB") usurped the arbitration process from the Office of the Contract Arbitrator (the "OCA"). In their opposition, the Condo Defendants argued that Plaintiff made no attempts to speak to them or their counsel to schedule arbitration. The Condo Defendants further asserted that Plaintiff has actively delayed the matter. By order dated January 31, 2024, this Court granted Plaintiff's motion and vacated the stay, after finding that Plaintiff's affirmation was uncontroverted by any sworn fact (NYSCEF Doc No. 51).

Now, the Condo Defendants seek to reinstate the stay, arguing that a stay is warranted in the interest of equity and fairness. The Condo Defendants argue that if the stay is not lifted, they will suffer as a result of unnecessary litigation while Plaintiff cannot demonstrate prejudice since she agreed to arbitration through the CBA and will have an opportunity to litigate her claims through that process. With respect to their motion seeking to reargue, the Condo Defendants argue that the Court overlooked their opposition, in which they demonstrate that Plaintiff delayed pursuing arbitration, sabotaged arbitration, and refused to cooperate with their counsel. According to the Condo Defendants, neither the RAB nor the OCA is involved in scheduling arbitration. Instead, it is the parties' responsibility to mutually schedule arbitration. Though Plaintiff claims a defect in the arbitration process, the Condo Defendants argue that Plaintiff failed to establish that she exhausted her ability to arbitrate or that she made any effort at all. The Condo Defendants further assert that the Court misapprehended state and federal law, which show preference to arbitration. In addition, the Condo Defendants aver that Plaintiff failed to specify the subsection of CPLR 5015(a) under which she was moving.

In opposition, Plaintiff argues that the stay should not be reinstated because Plaintiff demonstrated a defect in the arbitration and/or corruption, fraud or misconduct in her prior motion. Moreover, Plaintiff contends that leave to reargue should be denied since the Court did not misapprehend, overlook or misapply the relevant facts or the controlling principles of law. Plaintiff

2

[* 2]

asserts that she diligently attempted to proceed with arbitration but was prevented from beginning arbitration due to the obstructionist tactics of the OCA and the RAB.[1]

The decision to grant leave to renew or reargue is at the sound discretion of the court (*see Rodney v New York Pyrotechnic Prod. Co.*, 112 AD2d 410, 411 [2d Dept 1985] [internal citation omitted]; *Gold v Gold*, 53 AD3d 485, 487 [2d Dept 2008]). A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). Moreover, a motion for leave to reargue is "not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*McGill v Goldman*, 261 AD2d 593, 594 [2d Dept 1999] [internal citations omitted]). Accordingly, the movant must demonstrate in what manner the court, in rendering its original determination, overlooked or misapprehended the relevant facts or law and cannot include facts not offered on the prior motion (*Anthony J. Carter, DDS, P.C. v Carter*, 81 AD3d 819, 820 [2d Dept 2011]). Upon the court's review of the merits of the movant's arguments, the motion for reargument is essentially granted (*see McNamara v Rockland Cnty. Patrolmen's Benevolent Ass'n., Inc.*, 302 AD2d 435, 436 [2d Dept 2003]). Thus, the only remaining question is whether the Court will adhere to its prior determination.

Where there is a collective bargaining agreement, the employee must "at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement" (*Vaca v Sipes*, 386 US 171, 184 [1967]; *Garnes v Pritchard Indus., Inc.*, 2023 US Dist LEXIS 90350, at *28 [SDNY May 23, 2023]; *Spano v Kings Park Cent. Sch. Dist.*, 61 AD3d 666, 670-671 [2d Dept 2009] ["Generally, an employee covered by a collective bargaining agreement which provides for a grievance procedure must exhaust administrative remedies prior to seeking judicial remedies."]). The employee can only seek redress from the court after he or she has exhausted the remedies under the CBA and is unable to vindicate his or her rights due to some action or inaction by the other party (*Puig v City of NY*, 2024 US Dist LEXIS 83166, at *12 n 6 [SD NY, May 7, 2024, No. 23CV08674 (GHW/SDA)]; *Morris v Temco Serv. Indus.*, 2010 US Dist LEXIS 84885,

---

[1] The Condo Defendants filed a reply affirmation without seeking leave of Court. "Absent advance permission of the court, reply papers shall not be submitted on orders to show cause" (Uniform Rules for Trial Cts [22 NYCRR] § 202.8-d). Accordingly, the Court will not consider the Condo Defendants' reply papers.

3

at *15 [SDNY Aug. 12, 2010] [finding that where an employee is prevented from arbitrating her discrimination claims, the arbitration provision in the CBA may not be enforced against her]).

Here, the Court already determined that the arbitration provision in the CBA was enforceable (NYSCEF Doc No. 27). Plaintiff contends that she attempted to begin her arbitration by contacting OCA. The OCA then allegedly encouraged her to contact Robert Shwartz, the RAB's attorney. When asked about the *status* of the arbitration, Mr. Shwartz responded that the OCA should be able to respond to her inquiries. Thereafter, Plaintiff asserts that she contacted the OCA twice and was told on both occasions to contact Mr. Shwartz. In essence, Plaintiff argues that she made diligent attempts to commence arbitration, but she received the runaround from the OCA and the RAB.

Assuming OCA's and the RAB's responses to Plaintiff constituted "obstructionist tactics," Plaintiff has proffered no evidence to support that (a) these tactics can be attributed to the Condo Defendants, (b) there was a defect in the arbitration proceedings, or (c) the "parties declined to arbitrate." Mr. Shwartz's email directing Plaintiff to contact the OCA is wholly insufficient to establish that the RAB prevented Plaintiff from commencing arbitration. It is undisputed that the RAB is not a party to the subject arbitration (*see Samuels v. Urban Am. Mgmt. LLC*, May 8, 2020 at 21, col 2, 2020 NYLJ LEXIS 877, *6 [Sup Ct, NY County 2020] [noting that the RAB was not authorized under the CBA to appoint a mediator]). Though Plaintiff referenced three contacts with the OCA, she failed to specify the dates of such contacts. Even assuming Plaintiff reached out to the OCA three times and emailed Mr. Shwartz once, the Court finds that these contacts hardly amount to diligent efforts. Like the plaintiff in *Samuels*, Plaintiff failed to "show that she has exhausted alternative avenues for resolving her discrimination claims before resorting to litigation, i.e., challenging the OCA's alleged failure to appoint a mediator or moving to compel arbitration" (*id.*).

Accordingly, it is hereby

ORDERED, that the portion of the Condo Defendants' motion to reinstate the stay of this litigation is granted; and it is further

ORDERED, that the portion of the Condo Defendants' motion for leave to reargue is granted; and upon reargument, this Court's January 31, 2024 order is vacated and Plaintiff's motion to restore (Mot. Seq. No. 3) is denied; and it is further

4

[* 4]

ORDERED, that the parties are directed to obtain a list of arbitrators from the OCA and select an arbitrator within 30 days of Notice of Entry of this order.

All other issues not addressed herein are either without merit or moot.

This constitutes the decision and order of the Court.

_____

HON. INGRID JOSEPH, J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

5